UNITED STATES, Appellee

v.

JAMES B. KREITZER, Private–1, U. S. Army, Appellant

2 USCMA 284, 8 CMR. 84

No. 1039

Decided March 6, 1953

LT. COL. George M. Thorpe, U. S. Army, 1ST LT. Michael E. McGarvey, U. S. Army, and 1ST LT. Floyd V. Hull, Jr., U. S. Army, for Appellant.

LT. COL. Thayer Chapman, U. S. Army, LT. COL. Paul J. Leahy, U. S. Army, and 1ST LT. Eugene L. Grimm, U. S. Army, for Appellee.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

This cause came before us on a petition for review which set out various assignments of error alleging irregularities in the trial of the case. Subsequently, a supplemental petition was filed in which the accused contended he was tried a second time for the same offense contrary to Article 44 of the Uniform Code of Military Justice, 50 USC § 619. We granted review, limiting our consideration to the issue specified in the supplemental petition.

Briefly, the facts and circumstances which are not all in the record proper but which we accept as accurate are as follows: In the early morning hours of November 18, 1951, Captain Howard and Corporal Harriman, of the military police, while on routine patrol, met accused in front of a cafe in Regensberg, Germany. They asked accused for his pass and he produced one purporting to have been signed by Lieutenant James M. Burke but which had expired at 1:00 o'clock that morning. Accused was taken to the booking office where he first told the police he had purchased the pass from a German national. He later signed a statement to the effect that he had made up the pass and had signed Lieutenant Burke's name on it.

On November 28, 1951, accused was tried by special court-martial for violation of Article 134, 50 USC § 728, the specification thereunder alleging that on or about November 18, 1951, accused

did "wrongfully make and use a certain instrument purporting to be an official pass . . . then well knowing the same to be false." He was found guilty of the offense charged and sentenced to be discharged from the service with a bad-conduct discharge, to be confined at hard labor for six months, and to forfeit $50.00 per month for six months. The convening authority concluded that the court had no jurisdiction to try the accused because the specification failed to allege an offense. He, thereupon, disapproved the finding and sentence, and dismissed the charge. Thereafter, a different convening authority from the one who participated in the former proceedings caused a new charge to be brought against the accused and he was tried by special court-martial on January 3, 1952, for the same or substantially the same offense. However, the specification under the new charge alleged the wrongful use, on or about November 18, 1951, with intent to deceive, of a certain instrument purporting to be an official pass well knowing the same to be false. He was found guilty as charged and sentenced to be discharged from the service with a bad-conduct discharge, to be confined at hard labor for six months and to forfeit $50.00 per month for six months. The convening and supervisory authorities approved and the board of review in the office of The Judge Advocate General, United States Army, affirmed. The defense of double jeopardy was not raised until sometime after the record was received in this Court.

In support of the contention of former jeopardy appellate defense counsel argue (1) that this Court may take judicial notice of the record of trial of another special court-martial; (2) that the action of the convening authority in dismissing the charge involved in the first trial constituted a complete trial in the sense of Article 44, supra, and was a bar to the present proceeding; and (3) the failure of the accused to raise the defense of double jeopardy should not be regarded as a waiver under the circumstances of this case. Our ruling on the last issue dis-

poses of the necessity of deciding the other two.

Article 44(a), Uniform Code of Military Justice, supra, deals with the prohibition against double jeopardy in military proceedings. It provides as follows: "No person shall, without his consent, be tried a second time for the same offense."

The method by which the defense is properly raised is set out in paragraph 67a, Manual for Courts-Martial, United States, 1951, as follows:

"Any defense or objection which is capable of determination without trial of the issue raised by a plea of not guilty *may be raised before trial by reference to the convening authority, or by motion to the court before a plea is entered.* Reference of such matters to the convening authority before trial is an administrative procedure and action thereon shall be without prejudice to the renewal of the assertion by motion to the court.

"Defenses and objections such as that trial is barred by the statute of limitations, *former jeopardy,* pardon, constructive condonation of desertion, former punishment, promised immunity, lack of jurisdiction, and failure of the charges to allege an offense *should ordinarily be asserted by motion to dismiss before a plea is entered*; but failure to assert them at that time does not constitute a waiver of the defense or objection. *Unless otherwise stated, failure to assert any such defense* or objection —except lack of jurisdiction or failure of the charges to allege an offense —*before the conclusion of the hearing of the case constitutes a waiver.*" [Emphasis supplied]

The above provision of the Manual was applied by this Court to the defense of constructive condonation and we held it precluded raising that defense, for the first time, in this Court. See United States v. Minor (No. 315), 4 CMR 89; United States v. Charles B. Walker (No. 352), 4 CMR 93; and United States v. Perkins (No. 478), 4 CMR 94, all decided July 30, 1952. We believe the same reason applicable here.

**285**

The Manual language is definite and certain, and orderly procedure requires that matters involving factual determinations be litigated in trial forums. It is impracticable for us to make determinations when the facts necessary to sustain special pleas have not been weighed by a fact-finding body. A similar principle has been applied in United States v. Dupree (No. 364), 5 CMR 93, decided September 9, 1952 (involving unreasonable search and seizure); and United States v. Bodenheimer (No. 676), 7 CMR 6, decided January 19, 1953 (involving a request for severance where accused has been tried with others in a common trial) where we held that failure to assert certain matters by way of pleas or motion prior to appeal to this Court constituted a waiver.

That the plea of former jeopardy can be waived by failure to assert has long been the rule in military law, and is established by Winthrop in his Military Law and Precedents, 2d ed., 1920 Reprint, page 268, in which the following appears:

"It is now abundantly established by the adjudications in criminal cases that the constitutional right to be exempt from being twice put in jeopardy, or twice tried, for the same offence, being for the sole benefit of the accused party, may be, expressly or impliedly, *waived* by him. The same principle has been recognized at military law. It was held by Attorney General Wirt, in 1818, that the provision of the Articles of war, that 'no person shall be tried a second time for the same offence,' did not apply to a case in which the accused, upon a conviction and sentence being disapproved by the reviewing authority, himself applied for a new trial; the right to take advantage of the provision of Art. 102 being deemed to be waived. An accused would, it is believed, also waive by implication this right, where he applied to the reviewing authority or President to have a conviction and sentence in his case disapproved or pronounced invalid on the ground of illegality, and this action was taken as requested. *An*

*accused, who had in fact been previously tried for the same offence, would also waive this right by intelligently pleading guilty or not guilty without interposing the special plea under consideration."* [Emphasis supplied]

In enforcing a waiver we are not only giving the language of the Manual its ordinary meaning but we are following the general rule enunciated by the Federal courts. In Caballero v. Hudspeth, 114 F2d 545, the Tenth Circuit Court of Appeals considered the availability of such a plea to a petitioner in an application for a writ of habeas corpus. There the court stated:

"The question of double jeopardy may not, however, be raised by petitioner in the present proceeding. On June 7, 1937, petitioner withdrew his former plea of not guilty and entered a plea of guilty to both counts of the indictment. *No objection was raised at any stage of the proceedings to the sentence of the court. The right to not be placed in jeopardy twice for the same offense is a personal right. It is an immunity granted to the citizen by our constitution, and may be waived.* The plea of guilty by the defendant constituted a waiver of this right. At no stage of the proceedings did he assert this constitutional guarantee. The defense may not now be raised for the first time by writ of habeas corpus. Brady v. United States, 8 Cir., 24 F. 2d 399; Curtis v. United States, 10 Cir., 67 F. 2d 943; United States ex rel. Poch v. Hill, 3 Cir., 71 F. 2d 906, 907; Bracey v. Zerbst, 10 Cir., 93 F. 2d 8." [Emphasis supplied]

We are aware of the fact that there are some board of review decisions which appear to be contrary to the rule we announced. For instance, in United States v. Burks, 70 BR 169, the board of review refused to find a waiver. However, that case was decided under the law as it existed at that time and we find no provision similar to the one found in paragraph 67a of the 1951 Manual, supra. There may be others of later vintage but if so, and if they

announce a contrary rule, they are inconsistent with the language of the present Manual and they must of necessity yield to its provisions.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge BROSMAN concur.