MAY, Judge:
This case was remanded by the Court of Military Appeals for reconsideration of an earlier decision by this Court. In that decision we had rejected appellant’s contention that there had been an unreasonable multiplication of charges in his case. The Court of Military Appeals directs our reconsideration of whether the finding of guilty as to Specification 1 of Charge I, possession of 113.4 grams of marijuana, is multiplicious with the finding of guilty as to Specification 2 of Charge I, wrongful introduction of 113.4 grams of marijuana on board his base. United States v. Baker, 14 M.J. 361 (C.M.A.1983). Both offenses were alleged to have occurred “on or about 3 November 1982.”
We have reconsidered our earlier decision and adhere to our previous view that appellant’s decision and actions, to introduce drugs onto his base occurred on the evening of 2 November 1982, when appellant brought the subject drug aboard his base in his private vehicle. We, as did the trial judge and the appellant during the providency inquiry, consider .that the introduction of this drug on the evening of 2 November 1982 to be reasonably encompassed in the “on or about 3 November 1982” language of Specification 1.
We also adhere to our previous view that the discovery of the marijuana in appellant’s vehicle at approximately 1100 on 3 November 1982, while that drug was under the exclusive control of appellant, constituted a factually separate offense of wrongful possession of a prohibited drug. We find here no single, integrated course of conduct. We further observe that there exists legitimate concern that our military personnel not possess prohibited drugs, whether the possession occurs within the physical parameters of a base, installation, or ship or outside areas of exclusive military control. See United States v. Trottier, 9 M.J. 337 (C.M.A.1980). Concern regarding the possession of such drugs by individual military personnel is an entirely separate societal interest from the specific concern with impact upon operational readiness and good order and discipline resulting from the introduction of prohibited drugs into a military base, ship, or installation. The introduction of prohibited drugs facilitates uncontrolled infusion of such debilitating agents into military units and greater ac *436 cess to other military personnel. This military societal interest is entirely separate from concerns regarding individual possession or use. See United States v. Beene, 4 U.S.C.M.A. 177, 15 C.M.R. 177 (1954). In our view, appellant’s introduction of 113.4 grams of marijuana onto a U.S. Navy submarine base is entirely separate from his possession of that drug.
Accordingly, upon reconsideration, we reaffirm our previous decision, approving the findings and sentence as approved on review below.
Judge CASSEL concurs.