UNITED STATES, Appellee,

v.

Seaman Timothy S. CARL, U.S. Navy, Appellant.

No. 48,291.

NMCM 83–2492.

U.S. Court of Military Appeals.

July 15, 1985.

For Appellant: *Lieutenant Commander Frederick N. Ottie*, JAGC, USN, and *Lieutenant Daniel Lippman*, JAGC, USNR (on petition).

For Appellee: *Captain W. J. Hughes*, JAGC, USN, and *Lieutenant Lance Cantor*, JAGC, USN (on petition).

*Opinion of the Court*

PER CURIAM:

When this Court first reviewed appellant's special court-martial conviction of possession and introduction of marihuana and of possession of drug paraphernalia, we remanded the case to the Court of Military Review for reconsideration of the granted issue in light of *United States v. Baker*, 14 M.J. 361 (C.M.A.1983), and cited offshoot cases. 18 M.J. 139 (1984). The granted issue (17 M.J. 432) concerned the multiplicity of the specifications alleging possession and introduction of the same quantity of marihuana on the same military installation "on or about 3 November 1982." Earlier, this Court had held similar specifications to be multiplicious. *United States v. Hendrickson*, 16 M.J. 62 (C.M.A. 1983); *United States v. Miles*, 15 M.J. 431 (C.M.A.1983). *Accord United States v. Zupancic*, 18 M.J. 387 (C.M.A.1984). *See United States v. Copeland*, 20 M.J. 300 (1985).

Nonetheless, on reconsideration the lower court adhered to its earlier decision. It noted that the providence inquiry revealed that the introduction via appellant's vehicle actually occurred on the evening of November 2 and "that the discovery of the marihuana in appellant's vehicle at approximately 1100 on 3 November 1982, while that drug was under the exclusive control of appellant, constituted a factually separate offense of wrongful possession of a prohibited drug." Accordingly, the court found "no single, integrated course of conduct" in these events. 19 M.J. 581 (1984).

This view is not persuasive, for the language of the specifications and the contents of the providence inquiry show that the possession contemplated in the allegation was the one at the time of introduc-

tion.* Although appellant also possessed the marihuana at a later time, the later possession was "not particularly alleged in the specification[ ] before us." *See United States v. Zubko*, 18 M.J. 378, 380 (C.M.A. 1984). Accordingly, the Court of Military Review lacked a factual basis for its implied conclusion that the possession alleged was the possession at the moment of discovery in appellant's vehicle rather than at the time of the introduction, so its conclusion that the offenses were separate for findings is erroneous. In view of this, we need not reach the issue of whether such a chain of events constitutes a "single, integrated course of conduct." However, we conclude that this multiplicity did not prejudice appellant as to sentence.

The decision of the United States Navy-Marine Corps Court of Military Review is reversed as to specification 1 of Charge I (possession of marihuana). The finding of guilty thereon is set aside and that specification is dismissed. In all other respects, the decision below is affirmed.

Judge FLETCHER did not participate.

---

* The specifications allege that the possession and the introduction occurred on the same date ("on or about 3 November 1982"). According to the providence inquiry:

> MJ: Now, approximately how much before the 3rd of November 1982 had you brought the car aboard the base? In other words, were you taking the car on and off the base every day?
> ACC: No, sir.
> MJ: How long had the car been aboard the base?
> ACC: I had brought it on the night before.
> MJ: So, the evening of the 2nd of November 1982, you brought it aboard the base.
> ACC: Yes, Your Honor.
> MJ: On the evening of the 2nd of November 1982, did it in fact contain the marihuana indicated in these specifications?
> ACC: Yes, Your Honor.
> MJ: Did you know it was in the car at the time that you both brought it aboard the base and at the time that you possessed it?
> ACC: Yes, Your Honor. (R. 61–62).