UNITED STATES

v.

**Airman First Class Antoinette P. SPEARS, FR552–41–1024, United States Air Force.**

ACM 30482.

U.S. Air Force Court of Military Review.

Sentence Adjudged 19 Jan. 1993.

Decided 11 March 1994.

Appellate Counsel for the Appellant: Colonel Terry J. Woodhouse and Lieutenant Colonel Frank J. Spinner.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise and Captain Barnard N. Madsen.

Before HEIMBURG, PEARSON, and SCHREIER, Appellate Military Judges.

OPINION OF THE COURT

PEARSON, Judge:

This is an appeal from multiple drug convictions under Article 112a, Uniform Code of Military Justice, 10 USC § 912a(a), involving "ecstasy," a Schedule I controlled substance. The approved sentence consists of a bad-conduct discharge, 9 months confinement, 9 months partial forfeiture of pay, and reduction to E–1.

Appellant contends the military judge erred in not *sua sponte* determining specification 2, alleging introduction of ecstasy onto Ramstein Air Base (AB) with the intent to distribute on May 23, 1992, was multiplicious for findings with specification 3, alleging possession of ecstasy in her Ramstein AB dormitory room with the intent to distribute on May 24, 1992. *See* R.C.M. 907(b)(3)(B). We conclude appellant knowingly and intelligently waived the issue and affirm.

Appellant did not raise any multiplicity issue at trial. The military judge *sua sponte* determined the two specifications at issue alleged but one offense for sentencing purposes. *See* R.C.M. 1003(c)(1)(C). When the military judge asked counsel if they agreed with that determination, appellant's counsel replied, "I was not intending to raise that as an issue, your honor." The military judge then explained his reasons for concluding the two specifications alleged but one "fifteen year offense." Appellant's counsel did not seek further relief at that point; consequently, counsel waived any multiplicity for findings issue. R.C.M. 801(g).

However, in the area of multiplicity for findings, we cannot safely rely on waiver to end our analysis because of the plain error doctrine. The United States Court of Military Appeals has often determined that the failure to address a multiplicity for findings issue equated to plain error and granted

relief, as has this Court. *See, e.g., United States v. Waits,* 32 M.J. 274 (C.M.A.1991); *United States v. Olson,* 38 M.J. 597 (A.F.C.M.R.1993).

██ In order to obtain relief for a "plain error," appellant must show unfair prejudice by an obvious error affecting her substantial rights. *United States v. Olano,* —— U.S. ——, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Moreover, the plain error doctrine "is only to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Causey,* 37 M.J. 308, 311 (C.M.A.1993) (citations omitted).

██ We hold that plain error does not exist where defense counsel makes a knowing and intelligent waiver of a multiplicity for findings issue. *Cf. United States v. Strachan,* 35 M.J. 362 (C.M.A.1992) (knowing, intelligent waiver of lesser included offense instruction was not plain error), *cert. denied,* —— U.S. ——, 113 S.Ct. 1595, 123 L.Ed.2d 159 (1993). We find appellant's counsel made such a waiver in this case. In this regard, we do not have a silent record on the issue. The military judge fully discussed "multiplicity," including the government's belief that the possession inherent in the introduction with intent to distribute specification was not the same possession contemplated in the possession with intent to distribute specification as they involved different times and places. *See United States v. Carl,* 20 M.J. 216 (C.M.A.1985); *United States v. Zupancic,* 18 M.J. 387 (C.M.A.1984). Thus, appellant's counsel was able to make an informed decision on whether to pursue the issue. *See Strachan,* at 364.

Accordingly, we conclude the findings and sentence are correct in law and fact, the sentence is not inappropriate, and no error prejudicial to the substantial rights of appellant occurred. The findings and sentence are

AFFIRMED.

Senior Judge HEIMBURG and Judge SCHREIER concur.