OPINION OF THE COURT
PEARSON, Senior Judge:
In this case, we announce a new bright line rule concerning forfeiture of multiplicity issues — they are forfeited unless raised at trial.
In accordance with a pretrial agreement limiting his sentence, appellant pled guilty before a general court-martial to sexually abusing his two stepdaughters, CW then aged 15, and SW then aged 17. Court members sentenced him to a dishonorable discharge, 15 years confinement, forfeiture of all pay and allowances, and reduction to E-l. The convening authority reduced the forfeiture to $450 per month for 180 months to comply with the pretrial agreement, but approved the remainder of the sentence as adjudged.
Appellant now complains that some of the offenses were multiplicious, that is but one offense, for findings purposes and others were multiplicious for sentencing, issues he did not raise at trial. See R.C.M. 907(b)(3)(B), 906(b)(12). Appellate government counsel argue that appellant forfeited any multiplicity issue by waiting until his appeal to raise it — we agree. See United States v. Pagel, 40 M.J. 771 (A.F.C.M.R.1994) (discusses forfeiture versus waiver).
MULTIPLICITY AND FORFEITURE
According to the President’s Rules for Courts-Martial, an accused must raise a multiplicity issue before the trial is adjourned in order to preserve it for appellate review. See R.C.M. 905(b)(2), 905(e), 906(b)(12), 907(b)(3)(B). Unfortunately, in the past, we have not enforced the President’s rules as written by holding an accused’s feet to the forfeiture fire on multiplicity issues. Instead, we have allowed an accused to bypass the trial judge and litigate multiplicity issues for the first time on appeal under the guise of the plain error doctrine. See, e.g., United States v. Warner, 33 M.J. 522 (A.F.C.M.R.1991); United States v. McCoy, 32 M.J. 906 (A.F.C.M.R.), pet denied, 33 M.J. 489 (C.M.A.1991). See also United States v. Waits, 32 M.J. 274 (C.M.A.1991); United States v. Holt, 16 M.J. 393 (C.M.A.1983); United States v. Spears, 39 M.J. 823 (A.F.C.M.R.1994); United States v. Everstone, 26 M.J. 795 (A.F.C.M.R.) (en banc), pet denied, 27 M.J. 434 (C.M.A.1988).
In order to obtain relief under the plain error doctrine, an appellant must show unfair prejudice from an obvious error affecting substantial rights. United States v. Ola-no, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Even when an appellant meets that hurdle, appellate courts should use the doctrine sparingly, “solely in those circumstances in which a miscarriage of justice would otherwise result.” United States v. Causey, 37 M.J. 308, 311 (C.M.A.1993) (citations omitted). We conclude for this case, and future cases, that multiplicity issues do not reach the “miscarriage of justice” threshold or cause any “unfair” prejudice to an accused. See Article 59(a), UCMJ, 10 U.S.C. § 859(a).
First, multiplicity is grounded in the Double Jeopardy Clause of the Fifth Amendment and focuses on whether Congress intended to subject an accused to multiple punishments for the same act or course of conduct. United States v. Teters, 37 M.J. 370 (C.M.A.1993), cert denied, — U.S.-, 114 S.Ct. 919, 127 L.Ed.2d 213 (1994); United States v. Weymouth, 40 M.J. 798 (A.F.C.M.R.1994) (en banc). Double jeopardy claims are forfeited unless asserted at trial. R.C.M. 907(b)(2)(C); United States v. Collins, 41 M.J. 428 (1995); United States v. Kreitzer, 2 U.S.C.M.A 284, 8 C.M.R. 84, 1953 WL 1632 (1953).
*886 Second, multiplicity issues depend on the facts of the case since offenses are multiplicious only if they arise out of the same act or transaction. If the charged offenses arise out of different events, they are not multiplicious. United States v. Hennis, 40 M.J. 865 (A.F.C.M.R.1994), pet. denied, 42 M.J. 210 (1995). Consequently, the best place to develop the facts for resolving any multiplicity issue is at the trial level when the witnesses and evidence are at hand, not at the appellate court one or more years later. Cf. Collins (record not sufficient to resolve jeopardy issue as not raised at trial); Kreitzer (issues involving factual determinations must be litigated at trial). This principle holds especially true for guilty plea cases where the facts may not be fully developed, particularly when “divers occasions” pleadings are used to charge similar conduct in one specification.
Third, the concept of multiplicity for sentencing does not exist any more under our current law. If offenses are separate for findings purposes, they are also separate for sentencing purposes. R.C.M. 1003(c)(1)(C); United States v. Morrison, 41 M.J. 482 (1995); United States v. Lenoir, 39 M.J. 751 (A.F.C.M.R.), pet. denied, 40 M.J. 276 (C.M.A.1994).
Fourth, any case which contains a multiplicity for findings issue so grievous that it cries out for appellate remedy in spite of forfeiture would probably fit within an ineffectiveness of counsel claim. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); United States v. Thorpe, 38 M.J. 8 (C.M.A.1993). Requiring appellants to pursue unlitigated multiplicity issues as “incompetence” of counsel claims on appeal should spur trial defense counsel to take a closer look at charges in the future. Moreover, when confronted with a claim of ineffectiveness, defense counsel will have a chance to explain by post-trial affidavit any tactical choices made in foregoing a multiplicity issue, such as pleading guilty to all charged offenses in order to preserve a pretrial agreement. See United States v. Lewis, 42 M.J. 1 (1995) (use of post-trial affidavits from defense counsel to rebut ineffective assistance of counsel claim).
Consequently, we hold that multiplicity issues are forfeited unless raised at trial and multiplicity issues do not rise to the level of plain error.
REMAINING ISSUES
Appellant also forfeited any error in the military judge’s instructions on total forfeitures by failing to object when specifically given the opportunity and we do not find plain error. R.C.M. 1005(f); United States v. McElroy, 40 M.J. 368 (C.M.A.1994), cert. denied, — U.S. -, 115 S.Ct. 1256, 131 L.Ed.2d 137 (1995). In any event, the convening authority cured any potential error by modifying the total forfeitures to a monthly penalty.
Finally, we find appellant’s sentence clearly appropriate for the offenses committed solely against SW alone. He raped SW on numerous occasions, beginning at age 10 (only offenses since age 14 were charged due to the statute of limitations), and sodomized her orally and anally. Usually the rapes occurred after he threw SW down and forcibly stripped her. On at least one occasion, he threatened to tie her up if she resisted. As SW recounted at trial, “When I was kicking and screaming and trying to get him off of me, because at different times, there was, the pain was very excruciating.”
Accordingly, the findings and sentence are correct in law and fact and are
AFFIRMED.
Judges BECKER and MORGAN concur.