UNITED STATES

v.

**Second Lieutenant Charles R. DOLBOW, Jr., 155–40–4150, United States Air Force.**

ACM 32132.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 5 April 1996.

Decided 23 Oct. 1996.

Appellate Counsel for Appellant: Colonel Jay L. Cohen.

Appellate Counsel for the United States: Colonel Theodore J. Fink, Lieutenant Colonel Michael J. Breslin, and Major LeEllen Coacher.

Before PEARSON, MORGAN, C.H., II, and MORGAN, J.H., Appellate Military Judges.

OPINION OF THE COURT

PEARSON, Senior Judge:

█ In this case, we remind military judges that if offenses are separate for findings, they are separate for sentencing; likewise, if they merge for sentencing, they merge for findings. R.C.M. 1003(c)(1)(C); *United States v. Morrison,* 41 M.J. 482 (1995); *United States v. Lenoir,* 39 M.J. 751 (A.F.C.M.R.), *pet. denied,* 40 M.J. 276 (C.M.A.1994). Thus, a military judge should not conclude that offenses are multiplicious, that is but one offense, for sentencing unless the judge first determines they are multiplicious for findings, in which case, the judge should either consolidate or dismiss any multiplicious offense before the trial ends. R.C.M. 907(b)(3)(B); *United States v. Williams,* 18 U.S.C.M.A. 78, 39 C.M.R. 78, 1968 WL 5067 (1968) (exigencies of proof may warrant separate charging of multiplicious offenses until findings are entered); *United States v. Roberson,* 43 M.J. 732 (A.F.Ct.Crim.App.1995) (consolidation of multiplicious specifications into one specification).

FACTS

In a bench trial, appellant pled guilty to procuring a fraudulent appointment as a second lieutenant by deliberately concealing nonjudicial punishments he received while an enlisted member, and to signing a false application for training leading to his commissioning by knowingly omitting the same information. Articles 83 and 107, UCMJ, 10 U.S.C. §§ 883 and 907. The judge sentenced him to dismissal from the service, which the convening authority approved.

Before allowing appellant to enter pleas, the military judge asked if there were any motions. Defense counsel said no. However, when the judge calculated the maximum sentence for the two offenses, defense counsel contended the charges were multiplicious for sentencing.

The prosecutor countered with the Court of Appeals for the Armed Forces' decision in *Morrison*, arguing "the only test for multiplicity is if the crimes are separate for findings, then they are separate for sentencing." The prosecutor also referred the judge to Navy precedent that making a false official statement in order to fraudulently enlist and the actual fraudulent enlistment were separate offenses for findings and sentencing. *United States v. Hutchins*, 11 M.J. 867 (N.M.C.M.R.1981) (fraudulent enlistment not complete offense until pay or allowances actually received based on the earlier false official statement).

Unpersuaded, the judge fixated on the fact that both offenses were alleged to have occurred on the same day. He told the prosecutor, "I'm going to hold your own specification against you and concur with the defense counsel and consider the maximum confinement to be five years instead of seven years." *But see United States v. Albrecht*, 38 M.J. 627 (A.F.C.M.R.1993) (date alone does not resolve multiplicity issue; forgery by falsely making check and forgery by falsely uttering same are not multiplicious even when they occur at the same time and place), *aff'd*, 43 M.J. 65 (1995).

Defense counsel chose not to further exploit this favorable ruling by moving to dismiss the multiplicious offense, arguing the converse of *Morrison* and *Lenoir*: offenses which are one for sentencing are also one for findings. Perhaps, defense counsel was concerned that a successful motion to dismiss might nix appellant's pretrial agreement with the convening authority which capped the sentence in exchange for guilty pleas to both offenses. In any event, appellant now claims on appeal that we must take the judge's ruling to its logical legal conclusion and dismiss the multiplicious offense. We disagree.

## DISCUSSION

■ As we stated at the outset, if offenses are separate for findings, they are separate for sentencing. The converse is also true; if offenses merge for sentencing, they merge for findings. Consequently, trial judges do not short-stop an appellate issue when they grant relief for sentencing without tackling the real issue of multiplicity for findings, which often requires an in-depth look at the facts, case law, and even legislative intent. *See, e.g., Albrecht*. Instead, appellate defense counsel merely lay in wait to leverage the judge's *gratis* multiplicity-for-sentencing ruling by asserting multiplicity for findings for the first time on appeal. However, that tack will not work this time.

■ In *United States v. Lloyd*, we established a bright line rule that multiplicity issues were forfeited unless raised at trial, and appellant did not raise the findings issue. 43 M.J. 886 (A.F.Ct.Crim.App.1995). Here, however, we have more than a mere forfeiture; we have a knowing and intelligent waiver of the issue. When responding to defense counsel's multiplicity comments, the prosecutor fully discussed the intertwined concepts of multiplicity for findings and sentencing, including applicable case law. Defense counsel was not a bump on a log when this discussion took place. Instead, counsel was able to make an informed decision on whether to pursue the issue, and he elected not to—we hold his feet to the fire on that choice. *See United States v. Spears*, 39 M.J. 823 (A.F.C.M.R.1994) and cases cited therein.

## CONCLUSION

The findings and sentence are correct in law and fact, the sentence is not inappropriate, and no error prejudicial to appellant's substantial rights occurred. Accordingly, the findings and sentence are

AFFIRMED.

Judges MORGAN, C.H., II, and MORGAN, J.H., concur.