UNITED STATES, Appellee

v.

Rita M. HARWOOD, First Lieutenant
U.S. Air Force, Appellant.

No. 96–0105.
Crim.App. No. 31163.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 2, 1996.

Decided Feb. 20, 1997.

For Appellant: Major Gerald R. Bruce (argued); Colonel Jay L. Cohen and Major Ormond R. Fodrea (on brief).

For Appellee: Colonel Theodore J. Fink (argued); Colonel Jeffery T. Infelise and Captain Jane M. Peterson (on brief); Major LeEllen Coacher.

*Opinion of the Court*

SULLIVAN, Judge:

On April 11, 1994, at Grand Forks Air Force Base, North Dakota, appellant was tried by a military judge sitting alone as a general court-martial. Pursuant to her pleas, she was found guilty of fraternization and conduct unbecoming an officer, in violation of Articles 134 and 133, Uniform Code of Military Justice, 10 USC §§ 934 and 933, respectively. She was sentenced to a dismissal and forfeiture of $1,000 pay per month for 4 months. On May 9, 1994, the convening authority approved the sentence as adjudged. The Court of Criminal Appeals affirmed in an unpublished opinion on September 20, 1995.

On January 29, 1996, this Court granted review on the following issue raised by appellant:

WHETHER THE MILITARY JUDGE ERRED IN NOT FINDING THE ARTICLE 133 and 134 CHARGES CITING THE SAME MISCONDUCT (FRATERNIZATION WITH THE SAME AIRMAN) MULTIPLICIOUS FOR FINDINGS.

We hold that the Court of Criminal Appeals erred in finding waiver in this case. We further hold that it was plain error for appellant to be found guilty of both of the above offenses. *See United States v. Boyett,* 42 MJ 150, 152 (1995); *United States v. Rodriquez,* 18 MJ 363, 364–65 (CMA 1984); *see generally Thomas v. Kerby,* 44 F.3d 884, 888–89 (10th Cir.1995).

The Court of Criminal Appeals briefly summarized the facts of this case. It said:

The appellant engaged in hugging, kissing and sexual intercourse, with an airman first class under her supervision, during a six-week period. The conduct was known to several individuals in her unit, and her conduct was eventually reported to authorities. This conduct formed the basis of both charges. The appellant raised the issue of multiplicity for sentencing during trial, and the military judge ruled that the fraternization and conduct unbecoming an officer were multiplicious for sentencing purposes. Appellant's motion at trial fully discussed multiplicity and the relevant case law. The motion, for reasons we will not speculate, was limited to multiplicity for sentencing, even though it discussed multiplicity for findings. The military judge granted the motion without comment. The appellant pled guilty to both offenses pursuant to a plea agreement.

Unpub. op. at 1–2.

The record of trial shows that appellant pleaded guilty to the following offenses:

CHARGE: I VIOLATION OF THE UCMJ, ARTICLE 134

SPECIFICATION: In that [appellant] did, at or near Grand Forks Air Force Base, North Dakota, on divers occasions, from between on or about 8 October 1993, to on or about 16 November 1993, *knowingly fraternize with [GB], an enlisted person under her command or supervision, on terms of military equality, to wit: have a close personal relationship* to include, hugging, kissing, and engaging in sexual intercourse with him, in violation of the custom of the United States Air Force that officers shall not fraternize with enlisted persons on terms of military equality.

CHARGE: II VIOLATION OF THE UCMJ, ARTICLE 133

SPECIFICATION: In that [appellant] did, at or near Grand Forks Air Force Base, North Dakota, on divers occasion, from between on or about 8 October 1993, to on or about 16 November 1993, *wrongfully and dishonorably have a close personal relationship* to include hugging, kissing, and engaging in sexual intercourse *with [GB], a person under her command or supervision.*

(Emphasis added.)

---

■ Our initial concern in this case is whether appellant waived her right to raise

her multiplicity for findings claim on appeal because she only objected to multiplicity for sentencing at trial. *See United States v. Lloyd,* 43 MJ 886 (A.F.Ct.Crim.App.1995), *aff'd on other grounds,* 46 MJ 19 (1997) (Court of Criminal Appeals finds forfeiture of all multiplicity issues based on failure to object at trial). The court below found a knowing and intelligent waiver in the circumstances of this case, relying on its own decision in *United States v. Spears,* 39 MJ 823 (AFCMR 1994) (defense counsel states, "I was not intending to raise that as an issue . . . ."). We disagree.

At appellant's court-martial, defense counsel did not expressly challenge the now-questioned specifications as being multiplicious for findings. However, unlike the situation in *Spears,* he did object on the basis that the specifications were multiplicious for sentencing. Moreover, he did refer to multiplicity for findings in his motion, and he did not affirmatively renounce the issue at trial as was done in *Spears.* Finally, this case was tried after our decision in *United States v. Teters,* 37 MJ 370 (CMA 1993), and before our decisions in *United States v. Schoolfield,* 40 MJ 132 (CMA 1994), and *United States v. Foster,* 40 MJ 140 (CMA 1994) (Court adopted a rationally derived subset of the elements test for purposes of determining lesser-included offenses). Accordingly, a finding of knowing and intelligent waiver in this case is not warranted. *See United States v. Hilton,* 27 MJ 323, 326 (CMA 1989) (Court eschews doctrine of waiver where case law appears to undermine objection).

■ Nevertheless, a military accused is not automatically entitled to a plain error review of a belatedly raised multiplicity claim simply because she did not affirmatively waive her claim at trial. Here, appellant pleaded guilty, and a guilty plea generally waives any appellate consideration of legal claims requiring a hearing to establish the factual basis of those claims. See *United States v. Broce,* 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *United States v. Lloyd,* 46 MJ 19 (1997) (establishing waiver of multiplicity issues in most guilty-plea cases, if specifications not shown to be facial-

ly duplicative). However, a fact hearing is usually not required to establish a double-jeopardy claim when the challenged specifications literally repeat each other as a matter of fact. *See United States v. Jones,* 23 MJ 301, 303 (CMA 1987). Moreover, no hearing is required when an appellant can demonstrate on the basis of the existing record that the specifications punished the same factual conduct. *See Taylor v. Whitley,* 933 F.2d 325, 328 (5th Cir.1991).

■ Turning to the record before us, we must now determine whether the two specifications belatedly challenged in this case were "facially duplicative" as explained above. The factual conduct alleged in each specification is apparently the same, and consideration of the record confirms that the charged course of conduct is identical in both specifications (*i.e.,* hugging, kissing, and engaging in sexual intercourse with GB on divers occasions during the same period of time). *See United States v. Oatney,* 45 MJ 185 (1996) (same act or acts alleged in both specifications could be multiplicious); *cf. United States v. Neblock,* 45 MJ 191 (1996) (discrete act or acts alleged in both specifications were not multiplicious); *United States v. Lloyd, supra* (multiple discrete acts committed on divers occasions during same period of time not facially duplicative). Accordingly, appellate review of appellant's multiplicity claim is appropriate under the plain error doctrine. *Cf. United States v. Lloyd, supra* (appellate review not appropriate under the plain-error doctrine where specifications were not facially duplicative).

■ To resolve appellant's multiplicity claim under the plain-error doctrine, we must consider the legal relationship of the two offenses said to be multiplicious. As a matter of law, it is well-established that, when the underlying conduct is the same, a service discredit or disorder under Article 134 is a lesser-included offense of conduct unbecoming an officer under Article 133. *See Rodriquez,* 18 MJ at 369 n. 4, citing W. Winthrop, *Military Law and Precedents* 383–85, 719 (2d ed. 1920 Reprint); *see generally Boyett,* 42 MJ at 152. In this light, we conclude that

an obvious prejudicial violation of the Double Jeopardy Clause has occurred which requires setting aside one of the challenged findings of guilty. *See generally Rutledge v. United States,* —— U.S. ——, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996); *Ball v. United States,* 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); *United States v. Holt,* 16 MJ 393, 393–94 (CMA 1983) (a lesser-included offense is the same offense for purposes of the Double Jeopardy Clause).

■ Finally, we conclude that no action is required as to the sentence in this case. We have evaluated the possible impact of this error on sentence and hold that appellant was not prejudiced as to her sentence. This was a trial by judge alone, and the military judge ruled that the offenses were multiplicious for sentencing.

The decision of the United States Air Force Court of Criminal Appeals as to Charge I and its specification is reversed. The findings of guilty thereon are set aside and Charge I and its specification are dismissed. In all other respects, the decision of the Court of Criminal Appeals is affirmed.

Judges GIERKE and EFFRON concur.

COX, Chief Judge (concurring):

In the case of the two "general articles," it is probably incorrect, technically, to speak in terms of one being "lesser-included" within the other. Ordinarily, an offense is lesser-included when all of its elements fit within the elements of another offense. This "elements test," however, is only a "rule of statutory construction." *Albernaz v. United States,* 450 U.S. 333, 340, 101 S.Ct. 1137, 1142–43, 67 L.Ed.2d 275 (1981). When there is a "clear indication of contrary legislative intent," that intent governs. *Id.*

Here, the legislative intent appears on the face of Article 134, Uniform Code of Military Justice, 10 USC § 934, which expressly states:

> **Though not specifically mentioned in this chapter,** all disorders and neglects to the prejudice of good order and discipline in the armed forces, [and] all conduct of a nature to bring discredit upon the armed

forces ... shall be taken cognizance of by a general, special or summary court-martial, according to the nature and degree of the offense, and shall be punished at the discretion of that court.

(Emphasis added.) "Specifically mentioned" in the chapter, of course, is Article 133, UCMJ, 10 USC § 933—conduct unbecoming an officer and gentleman.

Accordingly, Article 134 has always been understood as a residual provision rather than a redundant one. *See* para. 74(e), Manual for Courts–Martial, United States, 1921; para. 183c, Manual for Courts–Martial, U.S. Air Force, 1949. I agree, therefore, that the specifically mentioned offense should be affirmed and the redundant one dismissed.

CRAWFORD, Judge (dissenting):

Because the majority opinion appears to be inconsistent with our prior case law on multiplicity and waiver, I dissent.

Pursuant to a pretrial agreement, appellant agreed to plead guilty to "[a]ll Charges and specifications." She also agreed that "[m]y counsel have fully advised me of the nature of the charges and specifications ... and the effect of the guilty plea...."

When appellant was advised that any motions to dismiss or grant other relief should be made prior to the plea, individual defense counsel responded that there would be a motion for "multiplicity for sentencing, which does not have to be officially made at this time."

After acceptance of the pleas, counsel made a motion to consider the charges and specifications multiplicious for sentencing. The trial judge granted the motion.

As the Supreme Court stated in *United States v. Mezzanatto,* 513 U.S. 196, 201, 115 S.Ct. 797, 801, 130 L.Ed.2d 697 (1995), "[A]bsent some affirmative indication of Congress' intent to preclude waiver, we have presumed that statutory provisions are subject to waiver by voluntary agreement of the parties." This presumption in favor of waivers is set forth in the Manual for Courts–Martial, United States (1995 ed.). The general rule is that

failure to make a motion constitutes waiver. RCM 905(e), Manual, *supra*.

Multiplicity is not a "non-waivable ground." RCM 907(b)(1); *see United States v. Collins*, 41 MJ 428 (1995); *United States v. Kreitzer*, 2 USCMA 284, 8 CMR 84 (1953); Fed.R.Crim.P. 12(b). The cases cited by the majority do not preclude waiver or forfeiture. In any event, the offenses are not multiplicious. Where the elements set forth in Part IV of the Manual are not inconsistent with our case law, we will examine those elements in determining multiplicity. *United States v. Oatney* 45 MJ 185, 188 (1996). The elements of the specification of Charge I are as follows:

(1) That, at Grand Forks Air Force Base, North Dakota, on various occasions between October 8, 1993, and November 16, 1993, appellant was a commissioned officer;

(2) That between October 8, 1993, and November 16, 1993, appellant fraternized on terms of military equality with [GB] by having a close personal relationship, to include hugging, kissing, and engaging in sexual intercourse;

(3) That appellant then knew [GB] to be an enlisted member;

(4) That such fraternization violated the custom of the Air Force that officers shall not fraternize with enlisted members on terms of military equality; and

(5) That, under the circumstances, the conduct of appellant was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

*See* para. 83b, Part IV, Manual, *supra*.

The elements of the specification of Charge II are as follows:

(1) That, at Grand Forks Air Force Base, North Dakota, between October 8, 1993, and November 16, 1993, appellant wrongfully and dishonorably had a close personal relationship with [GB] to include hugging, kissing, and engaging in sexual intercourse;

(2) That, under the circumstances, these acts constituted conduct unbecoming an officer.

*See* para. 59b, Part IV, Manual, *supra*.

Paragraph 59c(2) states: "This article [133] includes acts made punishable by any other article, provided these acts amount to conduct unbecoming an officer and a gentleman.... [T]he additional requirement is that the act or omission constitutes conduct unbecoming an officer and a gentleman." *United States v. Rodriquez*, 18 MJ 363 (CMA 1984), cited by the majority, relies in part on *United States v. Baker*, 14 MJ 361 (CMA 1983), which has been overruled. *United States v. Teters*, 37 MJ 370 (CMA 1993). Thus, applying a "statutory" elements approach or a pleading-elements approach, these offense are not multiplicious.