## UNITED STATES

v.

**Airman Basic Jeffery S. ROBERSON, FR419–19–6273, United States Air Force.**

**ACM 31090 (f rev).**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 16 Dec. 1993.

Decided 18 July 1997.

Appellate Counsel for Appellant: Lieutenant Colonel Kim L. Sheffield and Major Ormond R. Fodrea.

Appellate Counsel for the United States: Lieutenant Colonel Michael J. Breslin and Major LeEllen Coacher.

Before PEARSON, MORGAN, C.H., II, and MORGAN, J.H., Appellate Military Judges.

UPON FURTHER REVIEW

OPINION OF THE COURT

MORGAN, C.H., II, Judge:

In our first treatment of this case, found at *United States v. Roberson*, 43 M.J. 732 (A.F.Ct.Crim.App.1995), we granted some relief on the basis of multiplicity. There we held that separately charging larceny of a handgun and the ammunition for it, where both were taken at the same time and place, was multiplicious, and that transportation and storage of the same firearm was multiplicious under *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985).

In an aside, we remarked that appellant had also been charged separately with possession and transportation of the same sawed-off shotgun, both charged as offenses against New Jersey state law as assimilated. Without expressing an opinion thereon, we observed that the military judge had held the two to be multiplicious for sentencing, but that appellant had not asked for any further relief at trial or on appeal. Citing our then-recent decision in *United States v. Lloyd*, 43 M.J. 886 (A.F.Ct.Crim.App.1995), we declined further action on the issue.

While affirming our holding in *Lloyd*, the United States Court of Appeals for the Armed Forces (USCAAF) disapproved our "bright line" rule of forfeiture in the case of multiplicity issues not raised at trial. *United States v. Lloyd*, 46 M.J. 19 (1997). Acknowledging that multiplicity was ordinarily forfeited by failure to raise it at trial, the Court left open the possibility of appellate consideration under certain circumstances. For guilty pleas, this was when the alleged multiple chargings were "facially duplicative." *Lloyd*, 46 M.J. at 23–24. For not-guilty pleas, the Court left the "plain error" standard. *Id.* at 22; *see also United States v. Harwood*, 46 M.J. 26, 28 (1997). Following its holding, that Court set aside our entire earlier opinion in this case for reconsideration in light of *Lloyd*, despite the fact that only two specifications were at stake. We proceed, therefore, to reexamine our holding and decide to adhere to it.

Appellant was charged with, *inter alia*, 10 specifications under Article 134 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. Specifications 5 and (originally) 8 charged him with possession and transportation, respectively, of a sawed-off shotgun. He was convicted contrary to his pleas of both. Although pleading not-guilty, the principal issue at trial was a rape charge, of which appellant was acquitted. The remaining charges and specifications, including the two at issue here, were essentially proven through a stipulation of fact. In light of USCAAF's holding in *Lloyd*, and appellant's not-guilty plea, we consider whether separately charging the possession and transportation of the same shotgun was plain error. To do so, we first examine what "plain error" is.

The seminal case explaining the doctrine of plain error is *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). To establish plain error, an appellant must satisfy a four-pronged test. There must (1) be error (2) that is plain (3) that affects substantial rights of an accused. *Id.* at 732, 113 S.Ct. at 1776–77. Once these first three criteria are met, an appellate court may exercise its discretion to notice a forfeited error only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id. See also Johnson v. United States,* —— U.S. ——, ——, 117 S.Ct. 1544, 1549, 137 L.Ed.2d 718 (1997).

The obvious difficulty in establishing the fourth prong is instructive. *Olano* and *Johnson* are deliberately crafted to put an objective brake on the appellate inclination to reach down and snatch issues not raised below. As such, they are representative of the demonstrable aversion to piecemeal litigation motivating a number of recent Supreme Court decisions designed to discourage it. *See, e.g., McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) (refusal to consider issues not earlier raised in *habeas corpus* application); *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (declining review of issue not earlier raised in State court). Indeed, the Supreme Court has made it quite clear that the difficulty in establishing plain error is intended to act as an affirmative *prohibition* on the exercise of appellate discretion in such a way as to defeat rules of criminal procedure.

Properly understood, plain error can only be used sparingly if it is not to become a loophole through rules of criminal procedure, or a means for judicial usurpation. We use the latter term gingerly, but advisedly. Federal courts, including the Supreme Court itself, lack authority to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure. *Carlisle v. United States,* —— U.S. ——, ——, 116 S.Ct. 1460, 1466, 134 L.Ed.2d 613 (1996). In fact, federal courts have no more discretion to disregard a Rule's mandate than they do to disregard constitutional or statutory provisions.

*Bank of Nova Scotia v. United States,* 487 U.S. 250, 254–55, 108 S.Ct. 2369, 2373–74, 101 L.Ed.2d 228 (1988). The Supreme Court has specifically applied this reasoning to those cases where a lower court has contorted the concept of plain error to overcome a trial forfeiture. *See, e.g., Carlisle,* —— U.S. ——, 116 S.Ct. 1460 (failure to timely file otherwise meritorious motion for judgment of acquittal in contravention of jury verdict held not plain error); *Johnson,* —— U.S. ——, 117 S.Ct. 1544 (failure to object to judge's decision to rule on question of materiality in perjury trial, even though held error in subsequent Supreme Court decision, not plain error).

The principle of waiver is tightly interwoven with the above analysis. Unless plain error is decisively more difficult to establish than simple error, the concept of waiver effectively vanishes. When we pretend to apply "waiver" to what is in any event a meritless assignment of error we exercise a clumsy legerdemain which detracts from, rather than adds to, public perception of the fairness of our jurisprudence.

It is therefore surprising that in his brief appellant fails to come to grips with plain error as it applies to the circumstances of his case, or even to argue that it does. We must do so. We look first to the governing rules of procedure in this case. MANUAL FOR COURTS–MARTIAL, UNITED STATES, Part II, Rule for Courts–Martial (R.C.M.) 905(b)(2) (1995 ed.), requires that defects in charging be raised at trial. R.C.M. 905(e) flatly declares that failure to do so constitutes waiver. The Court of Appeals for the Armed Forces' *Lloyd* holding carves a limited exception to R.C.M. 905(e), analogous to Federal Rule of Criminal Procedure 52(b), in the case of "plain error."

The facts relevant to our consideration are simple. Appellant was apprehended on-base at McGuire Air Force Base on July 7, 1993, shortly after returning from a trip to Washington, D.C., where he stayed with a friend's aunt and uncle. Appellant had rewarded his hosts' hospitality by stealing a handgun, holster, and ammunition early on July 5, 1993, and was apprehended shortly after returning to base. Incident to that apprehension ap-

pellant's vehicle was searched, whereupon the shotgun was discovered. He was charged with possession of that shotgun on July 7, 1993, and transportation of the shotgun between July 2 and 7, 1993, inclusive.

■ Initially, we ask if this was error at all. Were we dealing only with the question of unreasonable multiplication of charges, we would have little difficulty in answering in the affirmative. *See United States v. Erby,* 46 M.J. 649 (A.F.Ct.Crim.App.1997); *United States v. Earle,* 46 M.J. 823 (A.F.Ct.Crim. App.1997). Appellant could as easily have been charged with possession of the shotgun between July 2 and 7, or its transportation during that period. That he was charged with two different offenses covering separate, but overlapping periods of time persuades us that the government was deliberately engaged in "piling on" and that a flag should have been thrown. It was. At trial appellant received the full measure of relief appropriate to the situation—a decision by the military judge to adjust the maximum sentence as though the two were one offense. Although the military judge affixed the inappropriate "multiplicious for sentencing" label, he arrived at the right result. *Cf. United States v. Morrison,* 41 M.J. 482 (1995) (multiplicity for sentencing same as multiplicity for charging); *United States v. Dolbow,* 44 M.J. 814 (A.F.Ct.Crim.App.1996) (same).

The real, and much closer, question of error is whether these two specifications are constitutionally multiplicious, that is, whether a conviction for both offends the Double Jeopardy Clause of the Constitution. If so, sentencing relief by itself is inadequate. *Ball,* 470 U.S. at 864–65, 105 S.Ct. at 1673–74.

Since the dates alleged for the two specifications overlap in this case, we must decide whether the government is correct in arguing that, "since one can transport without possessing and can possess without transporting, the offenses are not multiplicious." The government offers scanty, and in the end, unpersuasive authority for this rather bald proposition, and the logic of it runs sharply

counter to the Supreme Court's analysis in *Rutledge v. United States,* —— U.S. ——, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996) (conspiracy and conducting a continuing criminal enterprise in concert with others, where "in concert" element based on same agreement as conspiracy held multiplicious), and *Ball,* 470 U.S. 856, 105 S.Ct. 1668 (receipt and possession of same stolen property multiplicious). While we need not decide if it is ever possible the two may be independently charged where the subject of the possession and the transportation is the same, and the dates are coextensive, we are confident that under the circumstances of this case, it was error to permit a conviction for both specifications.

■ Granting appellant's argument on the first prong, we find appellant falls far short of clearing the bar with respect to the second. The error was neither clear nor obvious, even at the time of appellate consideration. *Johnson,* —— U.S. at ——, 117 S.Ct. at 1549.

While it may be that a multiplicity error can affect the "substantial rights" of an accused, particularly in view of our superior Court's *Lloyd* holding, it does not, at least in this case, seriously affect the fairness, integrity or public reputation of judicial proceedings, the fourth, and by far the most difficult, of the *Olano–Johnson* tests.

Finding that there was no plain error in the multiple charging of the two specifications at issue, we adhere to our original decision. The findings and sentence, as modified and reassessed, are

AFFIRMED.

Senior Judge PEARSON and Judge J.H. MORGAN concur.