UNITED STATES, Appellee

v.

Gary W. CARROLL, Specialist
U.S. Army, Appellant.

No. 94–1177.
CMR No. 9300215.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 3, 1995.

Decided March 29, 1996.

For Appellant: *Captain Eric S. Krauss* (argued); *Lieutenant Colonel John T. Rucker, Major Michael A. Egan, Captain Silas R. DeRoma* (on brief).

For Appellee: *Captain Joanne P. Tetreault* (argued); *Colonel John M. Smith, Lieutenant Colonel James L. Pohl, Captain Michael E. Mulligan, Captain John G. Giovannelli* (on brief).

*Opinion*

GIERKE, Judge:

A general court-martial at Fort McClellan, Alabama, composed of officer and enlisted members convicted appellant, contrary to his pleas, of conspiracy (2 specifications), aggravated assault, and solicitation, in violation of Articles 81, 128, and 134, Uniform Code of Military Justice, 10 USC §§ 881, 928, and 934, respectively. The approved sentence provides for a bad-conduct discharge, forfeiture of $542.00 pay per month for 12 months, and reduction to the lowest enlisted grade. The Court of Military Review* affirmed without opinion.

We granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED BY FAILING TO FIND APPELLANT'S CONVICTION OF CONSPIRACY TO COMMIT ASSAULT CONSUMMATED BY A BATTERY (SPECIFICATION 1 OF CHARGE I) MULTIPLICIOUS WITH HIS CONVICTION OF SOLICITATION OF ANOTHER TO COMMIT AN ASSAULT CONSUMMATED BY A BATTERY (SPECIFICATION 2 OF CHARGE III),

* *See* 41 MJ 213, 229 n. * (1994).

WHERE THE PERSON SOLICITED LATER JOINED THE CONSPIRACY.

We hold that the military judge did not commit plain error.

### Factual Background

Motivated by previous disputes with civilians in Gadsden, Alabama, appellant recruited a group of soldiers from his unit at Fort McClellan, Alabama, to go with him to Gadsden to exact revenge. Appellant and his cohorts went to Gadsden on the evening of February 20, where they attacked and severely beat two civilians.

Appellant was charged, *inter alia*, with soliciting Private First Class Michael Morgan, Specialist Guy Ramsey, and PFC Johnny Peters to commit assault consummated by battery. He also was charged with conspiring with the same PFC Johnny Peters, as well as Specialist Donald Jones and PFC Ronald Drescher, to commit assault consummated by a battery.

The record reflects that appellant had a list of names of individuals he invited to go with him to Gadsden. Among them are the three soldiers listed in specification 1 of Charge III, alleging solicitation. Other soldiers were not directly invited by appellant, but learned about the plan through "talk in the company" and joined the group as it assembled in a parking lot at Fort McClellan. At least one soldier saw the gathering in the parking lot, asked what was happening, and then decided to join the group.

Although the defense made several motions at trial attacking the sufficiency of the pleadings, they did not raise the issue of multiplicity. After both sides had rested, defense counsel expressly declined to assert multiplicity. Defense counsel—focusing on the factual differences between the two specifications in question—told the military judge that "there's no way that the defense can allege that there's multiplicity here because there are different named individuals in terms of wrongful solicitation."

### Discussion

■ Appellant now contends that the military judge erred by failing to rule *sua sponte* that solicitation was multiplicious with conspiracy. Appellant relies on our decision in *United States v. Kauble*, 22 MJ 179 (CMA 1986) (summary disposition), and Judge Cox's observation in *United States v. Carter*, 30 MJ 179, 183 (CMA 1990) (concurring): "[E]very conspiracy involves a 'solicitation' to commit a crime. That is how a conspiracy begins...." The Government argues, however, that under the "elements" test adopted by this Court in *United States v. Teters*, 37 MJ 370, 377 (1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 919, 127 L.Ed.2d 213 (1994), solicitation and conspiracy are separate offenses.

■ The issue of multiplicity ordinarily is raised by timely motion. *See* RCM 907(b)(3)(B), Manual for Courts–Martial, United States (1995 ed.) ("A specification may be dismissed upon timely motion by the accused" on the ground of multiplicity.). Failure to request dismissal of a specification on grounds of multiplicity constitutes waiver, in the absence of plain error. *See* RCM 905(e) (Failure to make a timely motion, request, or objection "shall constitute waiver."). This Court occasionally has held that multiplicity rose to the level of plain error. *See, e.g., United States v. Waits*, 32 MJ 274 (CMA 1991) (failure of military judge to treat violation of general regulation and conduct unbecoming an officer based on same conduct as multiplicious was plain error). There was, however, no plain error in this case, because the offenses have different elements.

The elements of conspiracy are:

(1) That the accused entered into an agreement with one or more persons to commit an offense under the code; and

(2) That, while the agreement continued to exist, and while the accused remained a party to the agreement, the accused or at least one of the co-conspirators performed an overt act for the purpose of bringing about the object of the conspiracy.

Para. 5b, Part IV, Manual, *supra*.

The elements of solicitation are:

(1) That the accused solicited or advised a certain person or persons to commit a certain offense under the code other than

one of the four offenses named in Article 82;

(2) That the accused did so with the intent that the offense actually be committed; and

(3) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Para. 105b, Part IV, Manual, *supra*.

We hold that the offenses of solicitation under Article 134 and conspiracy under Article 81 are separate offenses. Not every solicitation results in a conspiracy. Proof of solicitation does not require proof of an agreement or of an overt act. Solicitation is an "instantaneous offense," which is "complete when a solicitation is made or advice is given with the specific wrongful intent to influence another or others" to commit an offense. *See* para. 105c (incorporates concept of "instantaneous offense" from paragraph 6c, Part IV, Manual, *supra* ).

Conversely, proof of a solicitation is not required to prove a conspiracy. Two examples are illustrative. First, a person who responds to a solicitation and joins a conspiracy is guilty of conspiracy but not guilty of solicitation. Second, a person can join a conspiracy without being solicited, as occurred in this case, where members of appellant's unit heard about the conspiracy and decided to join it on their own initiative. Since each of the offenses in this case contains elements not contained in the other, they are not multiplicious.

### Decision

The decision of the United States Army Court of Military Review is affirmed.

CRAWFORD, Judge (concurring):

I agree with the lead opinion that solicitation and conspiracy are different offenses. *United States v. Teters*, 37 MJ 370 (CMA 1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 919, 127 L.Ed.2d 213 (1994). The *actus reus* and the *mens rea* are different; thus, the offenses are not multiplicious. *See also United States v. Weymouth*, 43 MJ 329, 342

(1995)(Crawford, J, concurring in the result). A solicitation occurs when an individual "solicits or advises" another to commit an offense. *United States v. Anzalone*, 43 MJ 322, 323 (1995). Whereas a conspiracy exists when one "enter[s] into an agreement with" another and "perform[s] an overt act for the purpose of bringing about the object of the conspiracy." Para. 5b, Part IV, Manual for Courts–Martial, United States (1995 ed.). *See also United States v. Anzalone*, 43 MJ at 324. Solicitation does not require an agreement. The crime is complete once the solicitation is made.

The Court should not revert to the continuation theory, single-impulse theory, or other similar theory in determining multiplicity.

COX, Chief Judge (concurring in part):

I agree that, if an accused solicits A and B to commit an offense but neither A nor B accepts the offer, the solicitation offenses are not multiplicious IN ANY SENSE with his successful conspiracy with D and E to commit the same offense. Therefore, appellant's only arguable complaint here is that it was error to list the identity of C in both the solicitation and the conspiracy specifications. Such a miniscule complaint would have no appreciable impact on either the findings or the sentence quantum. *See* Art. 59(a), Uniform Code of Military Justice, 10 USC § 859(a). Thus the defense's failure to address and develop this matter at trial constitutes waiver, and a sifting of the existing record to determine whether there might be some distinction which could have justified the multiple listing of C is unwarranted.

However, I am not prepared to agree that, if an accused successfully solicits A to commit an offense (and thereupon enters into a conspiracy with him), that accused may be convicted *both* of soliciting A and conspiring with him to commit that offense. To the extent the lead opinion might be read to suggest such a result, I express serious misgivings on historical and elemental grounds.

DARDEN, Senior Judge (concurring in part):

I agree with the majority that the multiplicity and solicitation specifications at issue in this case are not multiplicious. *See United States v. Weymouth*, 43 MJ 329 (1995); *cf. United States v. Foster*, 40 MJ 140 (CMA 1994). The conspiracy allegedly occurred on February 20, 1992, while the solicitations allegedly occurred between February 13 and 20, 1992; additionally, save for one named person other than appellant, the conspiracy and the solicitations involved different people.

Under these circumstances, appellant's only possible argument under *Weymouth* is that the two offenses are multiplicious as to that single person. Even so, I agree with the Chief Judge that striking that named person from one or the other specification, which would be the logical limit of appellant's recourse, would serve no useful purpose in light of the remaining named persons.

Accordingly, the issue is not squarely before us whether solicitation and conspiracy are separate as a matter of law so that an accused may be separately charged, convicted, and punished for both crimes under *Weymouth* when he solicits another person to join him in a crime, which solicitation then promptly is followed by that other person's agreement to do so and by an act in furtherance of the conspiracy. To whatever extent that the lead opinion might imply an answer to that question, I do not join in it. Instead, a full consideration of that question should await another case.

SULLIVAN, Judge (concurring in part and in the result):

It is important not to overanalyze these types of cases. This is a simple case if we follow our case law. As this Court has held in *United States v. Teters*, 37 MJ 370, 377 (1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 919, 127 L.Ed.2d 213 (1994), if the elements of each offense are analyzed and if these elements are different, then the offenses are not multiplicious. In the instant case, the offenses of conspiracy and solicitation each require proof of different *elements* that the other does not. Therefore, under *Teters*, the offenses are not multiplicious, so the decision below must be affirmed.