UNITED STATES, Appellee,

v.

Jerrimaine C. RAMSEY, Private
First Class, U.S. Marine
Corps, Appellant.

No. 99–0271.

Crim.App. No. 98–0007.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 28, 1999.

Decided March 13, 2000.

GIERKE, J., delivered the opinion of the
Court, in which CRAWFORD, C.J., EF-
FRON, J., and COX, S.J., joined. SULLI-
VAN, J., filed an opinion concurring in the
result.

For Appellant: *Lieutenant Mari–Rae
Sopper,* JAGC, USNR (argued).

For Appellee: *Lieutenant Commander
Phillip Sundel,* JAGC, USNR (argued);
*Colonel Kevin M. Sandkuhler,* USMC, *Com-
mander E.E. Irvin,* JAGC, USN, and *Lieu-
tenant Janice K. O'Grady,* JAGC, USNR (on
brief).

Judge GIERKE delivered the opinion of
the Court.

A military judge sitting as a general court-
martial convicted appellant, pursuant to his
pleas, of using marijuana, using lysergic acid
diethylamide (LSD), distributing LSD (8
specifications), conspiring to distribute LSD,
and soliciting another Marine to distribute
LSD, in violation of Articles 112a, 81, and
134, Uniform Code of Military Justice, 10
USC §§ 912a, 881, and 934, respectively.
The military judge sentenced appellant to a
dishonorable discharge, confinement for 25
years, total forfeitures, and reduction to the
lowest enlisted grade. Pursuant to a pretrial
agreement, the convening authority suspend-
ed confinement in excess of 60 months for a
period of 12 months, but otherwise approved
the sentence. The Court of Criminal Ap-
peals affirmed the findings and the sentence
except for confinement in excess of 13 years
and the forfeitures, on the ground that the
adjudged sentence was "inappropriately se-
vere." *See* Art. 66(c), UCMJ, 10 USC
§ 866(c) (1994). Unpub. op. at 3.

This Court granted review of the following
issues:

I

WHETHER THE LOWER COURT
ERRED IN HOLDING THAT THE
SPECIFICATIONS UNDER CHARGES

I AND III ARE NOT "FACIALLY DUPLICATIVE" BASED ON THE LANGUAGE OF THE SPECIFICATION, RATHER THAN THE FACTUAL CONDUCT ALLEGED IN THE SPECIFICATION AND SUPPORTED BY THE RECORD, IN CONFLICT WITH *UNITED STATES V. LLOYD*, 46 MJ 19 (1997) AND *UNITED STATES V. BRITTON*, 47 MJ 195 (1997).

## II

WHETHER CHARGE III, SOLICITATION TO DISTRIBUTE LSD, IS A LESSER–INCLUDED OFFENSE OF, AND THEREFORE MULTIPLICIOUS WITH, CHARGE I, CONSPIRACY TO DISTRIBUTE LSD, WHERE BOTH OFFENSES AROSE FROM THE SAME PHONE CONVERSATION WITH THE SAME PERSON, AND PROOF OF THE SOLICITATION WAS NECESSARY TO PROVE THE FORMATION OF A CONSPIRACY.

For the reasons set out below, we affirm.

The solicitation specification alleged that, between May 1 and May 31, 1997, appellant solicited Corporal (CPL) Howard J. Rich "to wrongfully distribute approximately 30 to 50 hits of [LSD] to Lance Corporal [(LCPL)] Jeremiah B. Rhynes, U.S. Marine Corps." The conspiracy specification alleged that, "during the month of May 1997," appellant conspired with CPL Rich to "wrongfully distribute approximately 30 to 50 hits of [LSD] to Lance Corporal Jeremiah B. Rhynes, U.S. Marine Corps, and in order to effect the object of the conspiracy the said Corporal Rich did wrongfully distribute approximately 30 to 50 hits of [LSD] to Lance Corporal Rhymes."

During the plea inquiry, appellant told the military judge that at sometime "in the month of May" 1997, he telephoned CPL Rich from his barracks room at Marine Corps Base, Oahu, Hawaii, and told CPL Rich that he had left "acid" inside CPL Rich's car in a camera case "and that [LCPL] Rhynes would be coming to his room to get it." He told CPL Rich "to get the money from Rhynes and give it to me later."

Appellant stated that the camera case contained 40 to 50 hits of LSD. Eventually, LCPL Rhynes picked up the LSD from CPL Rich and paid him for the LSD. In turn, Rich later gave the money to appellant.

The defense did not move to dismiss any offenses as multiplicious. After finding appellant guilty as charged, the military judge *sua sponte* asked, "Does either counsel see any of the offenses before the court as being multiplicious for either findings or sentencing purposes." Defense counsel responded by stating that "there is a slight multiplicity problem" concerning the solicitation and the conspiracy. After considering this Court's opinion in *United States v. Carroll*, 43 MJ 487 (1996), the military judge ruled that *Carroll* was factually distinguishable but that the two offenses were multiplicious for sentencing purposes.

Appellant now asserts that the military judge erred by not dismissing the solicitation specification, because it facially duplicates the conspiracy specification. He argues that the solicitation specification merely describes the means used to form the conspiracy.

The Government asserts that appellant waived any claim of multiplicity by failing to make a timely motion to dismiss, unless the offenses are facially duplicative. The Government argues that the offenses are not facially duplicative.

In *Carroll*, a plurality of this Court held that solicitation and conspiracy were separate offenses. The lead opinion, setting out the view of two judges, stated the following:

We hold that the offenses of solicitation under Article 134 and conspiracy under Article 81 are separate offenses. Not every solicitation results in a conspiracy. Proof of solicitation does not require proof of an agreement or of an overt act. Solicitation is an "instantaneous offense," which is "complete when a solicitation is made or advice is given with the specific wrongful intent to influence another or others" to commit an offense. *See* para. 105c (incorporates concept of "instantaneous offense" from paragraph 6c, Part IV, Manual [for

Courts–Martial, United States (1995 ed.) ] ).

Conversely, proof of a solicitation is not required to prove a conspiracy. Two examples are illustrative. First, a person who responds to a solicitation and joins a conspiracy is guilty of conspiracy but not guilty of solicitation. Second, a person can join a conspiracy without being solicited, as occurred in this case, where members of appellant's unit heard about the conspiracy and decided to join it on their own initiative. Since each of the offenses in this case contains elements not contained in the other, they are not multiplicious.

43 MJ at 489.

Senior Judge Darden agreed that the offenses were separate in *Carroll* because of a 7–day break between the solicitations and the conspiracy. He reserved judgment on the question whether they would be separate if an agreement and an overt act promptly followed the solicitation. 43 MJ at 490.

Judge Sullivan concurred separately, relying on *United States v. Teters,* 37 MJ 370, 377 (1993), *cert. denied,* 510 U.S. 1091, 114 S.Ct. 919, 127 L.Ed.2d 213 (1994), to support his conclusion that conspiracy and solicitation were separate offenses because they have different elements. 43 MJ at 490. *Teters* held that forgery and larceny were separate offenses, even though "the forgery was the 'means' for committing the larceny." 37 MJ at 378, 379. In *Teters* our Court rejected the "means" and "fairly embraced" tests, *id.* at 378, and adopted the "elements" test articulated by the Supreme Court in *Schmuck v. United States,* 489 U.S. 705, 716, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989), 37 MJ at 376.

In *United States v. Lloyd,* 46 MJ 19, 23 (1997), we applied the test articulated by the Supreme Court in *United States v. Broce,* 488 U.S. 563, 575, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989). Our Court held that multiplicity issues were waived by failure to make a timely motion and an unconditional plea of guilty, unless the offenses "could be seen as 'facially duplicative,' that is, factually the same." *See also United States v. Harwood,* 46 MJ 26, 28–29 (1997) (fraternization and conduct unbecoming an officer for same conduct were "facially duplicative").

With respect to the first granted issue, we hold that the specifications are not "facially duplicative." As we stated in *Carroll, supra* at 489, it is possible to have a solicitation without a conspiracy and a conspiracy without a solicitation. Unlike *Harwood,* the same act did not constitute two offenses. The solicitation was complete when appellant made his telephone call to CPL Rich. The conspiracy was not completed when Rich agreed to make the exchange; it was completed only when the overt act, the actual exchange of money and drugs, occurred. At any time after appellant's telephone call, but before the exchange of drugs and money, either appellant or Rich could have withdrawn from the agreement. Furthermore, the overt act might not have occurred for reasons unforeseen at the time the agreement was made. Thus, the two offenses are not "factually the same."

In light of our holding that the specifications are not "facially duplicative," we need not reach the second granted issue, because the multiplicity issue was waived. *See United States v. Lloyd, supra.*

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

SULLIVAN, Judge (concurring in the result):

I would resolve this case based on my separate opinion in *United States v. Carroll,* 43 MJ 487, 490 (1996) (concurring in part and in the result). There, I stated that since "the offenses of conspiracy and solicitation each require proof of different elements that the other does not," these offenses are not multiplicious under *United States v. Teters,* 37 MJ 370, 377 (CMA 1993) (emphasis omitted), *cert. denied,* 510 U.S. 1091, 114 S.Ct. 919, 127 L.Ed.2d 213 (1994).

I need not decide the question whether the specification of conspiracy and the specification of solicitation are "facially duplicative" in this case. *See United States v. Lloyd,* 46 MJ 19, 23 (1997) ("based on the very same conduct"). However, I do note that the record in this case makes clear that the charged solicitation immediately led to the charged

conspiracy in this case. *See United States v. Savage,* 50 MJ 244, 245 (1999) (marijuana possession with intent to distribute and distribution of same marijuana on same day); *United States v. Britton,* 47 MJ 195, 198–99 (1997) (rape and assault "facially duplicative" where assault is "force used to commit the rape"). Some reconciliation of these cases is needed.