# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E-2 COREY J. ROBINSON**
**United States Army, Appellant**

ARMY 20150088

Headquarters, Joint Readiness Training Center and Fort Polk
Wade N. Faulkner, Military Judge (arraignment)
Randall L. Fluke, Military Judge (trial)
Colonel Jan E. Aldykiewicz, Staff Judge Advocate

For Appellant:  Major Brian J. Sullivan, JA (argued); Lieutenant Colonel Charles D. Lozano, JA; Major Andres Vazquez, Jr., JA; Major Brian J. Sullivan, JA (on brief).

For Appellee:  Captain Austin L. Fenwick, JA (argued); Colonel Mark H. Sydenham, JA; Major Michael E. Korte, JA; Captain Austin L. Fenwick, JA (on brief).

6 February 2017

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WOLFE, Judge:

This appeal raises an interesting issue regarding attempts.  The question, restated, is what is/are the proper charge(s) when an accused attempts to steal several items during one transaction but is successful in only stealing some of them?  May the government charge appellant with both the completed thefts and the attempted thefts?  If the accused is convicted of the actual thefts, can convictions for the attempted theft of the remaining items stand?  These are good questions, but ones that we ultimately do not answer because we find appellant waived the issue when he pleaded guilty to all charges and specifications.[1]

---

[1] We considered several assigments of error personally asserted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they lack merit.

## BACKGROUND

At a general court-martial, appellant plead guilty to repeatedly—and fraudulently—using other persons' identity and credit cards to steal high-value items from the Army and Air Force Exchange Service (AAFES) online retail website. The identities he used were of current, former, or retired service members. Appellant arranged for the items to be shipped to two co-conspirators. In total, appellant stole $64,771.95. Most of the items appellant stole were not recovered.

On twenty-three different days, appellant placed orders with the online AAFES exchange. Those orders were converted into eighteen specifications of attempted larceny and eleven specifications of larceny.[2] When AAFES delivered the ordered goods, appellant was charged with the larceny of the goods contained in the order. When AAFES (for whatever reason) did not ship the order, appellant was charged with the attempted larceny of the goods contained in the order. When AAFES shipped only a portion of appellant's fraudulent order, appellant was charged with the larceny of the goods actually shipped, and the attempted larceny of the goods that were not shipped.

On appeal, appellant is concerned with the third category: the six instances where appellant was charged with both attempted larceny and larceny for what he claims was a single fraudulent order. One example illustrates the point. On 28 December 2013, appellant went to the AAFES website and used a fraudulently obtained credit card to place an order for two iPad Minis, one purse, one Kindle, and two Macbooks. However, AAFES did not actually ship the iPad Minis. Appellant does not dispute that he stole the two Macbooks, the purse, or the Kindle. Nor does appellant dispute that he attempted to steal the two iPads Minis. The issue, as appellant sees it, is that he cannot be convicted of both an attempt and a completed larceny for what was one transaction.

Appellant cites two alternative theories as to why he is entitled to relief. First, appellant argues a unit of prosecution issue that when a larceny of several articles is committed at substantially the same time and place, it is a single larceny. *See Manual for Courts-Martial*, *United States*, (2012 ed.) [hereinafter *MCM*], pt. IV,

---

[2] Appellant also pleaded guilty to one specification of conspiracy to commit larceny in violation of Article 81, UCMJ, and ten specifications of a violation of 10 U.S.C. §1028 (fraud in connection with the possession and use of identity documents) charged under Article 134, UCMJ. Appellant also assigns as error that some of these specifications were unreasonably multiplied with other specifications. For reasons discussed below, we find appellant waived any error by pleading guilty to these offenses.

¶ 46c(1)(h)(ii); *United States v. Miller*, No. 99-0990, 2000 CAAF LEXIS 207 (24 February 2000). Second, appellant argues an accused cannot be "convicted both of a substantive crime and of an attempt to commit that same crime, when a single continuous transaction was involved." *United States v. Hyska*, 29 M.J. 122, 125 (C.M.A. 1989).

For either or both reasons, appellant argues we must dismiss the attempt specifications as multiplicious. Additionally, appellant notes that the resulting charges, in each instance, doubled the maximum sentence he faced. Appellant asks us to consider that had AAFES shipped both the iPads and Macbooks appellant would face only a single larceny specification. When the iPads were not shipped, the harm caused by appellant's offense was *less,* but he faced twice as many specifications and twice the maximum sentence.

In response, the government argues that to dismiss the attempt specifications as appellant requests would be to dismiss separate and distinct conduct of which appellant is clearly guilty. Using the one example discussed above, were we to dismiss the attempted larceny of the three iPads, appellant would no longer be held criminally responsible for that conduct. In other words, appellant's attempted theft of the three iPads did not merge into the completed larceny because the iPads were never, in fact, stolen. The government argues that it may properly hold appellant accountable for both his attempted theft of three iPads and his actual theft of two Macbooks.

## LAW AND DISCUSSION

We do not directly address the merits of appellant's assigned error as we determine he waived the issue by his guilty plea.

An unconditional guilty plea generally "waives all defects which are neither jurisdictional nor a deprivation of due process of law." *United States v. Schweitzer*, 68 M.J. 133, 136 (C.A.A.F. 2009) (citing *United States v. Rehorn*, 9 U.S.C.M.A. 487, 488-89, 26 C.M.R. 267, 268-69 (1958)). Challenges to offenses that "could be seen as 'facially duplicative,' that is, factually the same" are not waived. *United States v. Lloyd*, 46 M.J. 19, 23 (C.A.A.F. 1997) (citing *United States v. Oatney*, 45 M.J. 185 (C.A.A.F. 1996).

*A. Were the Specifications Facially Duplicative?*

As an initial matter, the offenses are not "facially duplicative." Each attempted and completed larceny involved different goods and were not, therefore, factually the same. *See United States v. Ramsey*, 52 M.J. 322, 324 (C.A.A.F. 2000) ("In light of our holding that the specifications are not 'facially duplicative,' we

3

need not reach the second granted issue, because the multiplicity issue was waived.").

Accordingly, *if* appellant's guilty plea constituted waiver, then he has waived any error regarding whether the offenses were multiplicious or unreasonably multiplied.

### B. Did Appellant's Guilty Plea Waive the Issues of Multiplicity and Unreasonable Multiplication of Charges?

The brief for the government appears to agree that appellant did not waive the issues of multiplicity and unreasonable multiplication of charges (UMC). As we disagree and reject the government's concession, we address the issue at some length.

It should be tautological that an appellant cannot simultaneously enter an unconditional guilty plea to a specification *and* argue that the specification should be dismissed on legal grounds by the military judge. It is inconsistent to claim that one is guilty of an offense while also arguing that the offense should be dismissed because it is legally impermissible to be convicted of the offense.

On 10 February 2015, appellant entered an unconditional guilty plea to all charges and specifications. After conducting an inquiry pursuant to *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), the military judge inquired about the maximum punishment. Both parties agreed that the maximum punishment included 207 years and six months confinement. The military judge then asked the defense counsel whether he believed any of the offenses had been unreasonably multiplied.[3] The defense counsel initially stated that the offenses should be merged for purposes of sentencing, but that "we don't feel as if we're in a position to be successful in our argument." The military judge ordered a recess. After the recess,

---

[3] In the stipulation of fact both parties had agreed that the accused agreed to waive the issue of unreasonable multiplication of charges. The military judge rejected that part of the stipulation because he determined it was a "*sub rosa . . .* extraneous" term that should have been incorporated into the pretrial agreement. We first note, as the term was incorporated into a stipulation of fact presented to the military judge, it was not secret or "*sub rosa.*" We do, however, agree with the military judge that an agreement to waive an issue is not, strictly speaking, a "fact" to be contained in a stipulation of fact. But, when an accused signs a document expressly agreeing to waive an issue, with the express advice of counsel (who also signed the stipulation), that fact would certainly be relevant in determining whether the accused had knowingly waived an issue. However, under the law of the case doctrine, any waiver provision contained in the stipulation was excepted out by the military judge and therefore has little or no bearing on the issue of waiver. *See United States v. Morris*, 49 M.J. 227, 230 (C.A.A.F. 1998).

the defense made a general objection that the charges were unreasonably multiplied. Counsel's entire argument was as follows:

> [W]e would argue that these offenses, they- -they arise out of a common conspiracy theme- -common conspiracy in which the accused has pled guilty to masterminding the conspiracy in order to profit and obtain Military Star Card information in order to steal items from AAFES. And we would argue that over the course of a period of time, this was a common plan or scheme, Your Honor.

It is unclear to us what exactly was meant by this argument; but we see two possible interpretations. The more plausible understanding is the defense counsel was arguing the conspiracy offense was unreasonably multiplied with the remaining offenses. If so, we would disagree. *See Pinkerton v. United States*, 328 U.S. 640, 643 (1946) (A defendant may be convicted of conspiracy and the substantive offense); *United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001). Alternatively, appellant may have been arguing that some or all offenses were unreasonably multiplied with some or all of the other offenses. If so, the "general objection" (which failed to articulate the basis for relief) did not preserve the issue. *See United States v. Payne*, 73 M.J. 19, 24 (C.A.A.F. 2014). Thus, even if this plea was not an unconditional guilty plea, we would not see this as preserved error.

In any event, the military judge denied the motion. Prior to announcing findings, the military judge asked appellant several questions to ensure he still wanted to plead guilty. Appellant clearly indicated he wanted to go forward with his guilty plea. The military judge found appellant guilty of all offenses.

When the military judge rejected appellant's unreasonable multiplication motion, appellant faced several options. First, appellant could have withdrawn his guilty plea and pleaded not guilty. Second, appellant could have withdrawn his guilty plea and entered a conditional guilty plea, thereby preserving the issue for appeal. Finally, appellant could continue with his unconditional guilty plea. The first two options would have been a material breach of appellant's pretrial agreement (with the potential for unknown consequences), while the third option preserved the protections contained in the pretrial agreement. Appellant went with the third option.

A guilty plea "is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial . . . ." *Brady v. United States*, 397 U.S. 742, 748 (1970). "Litigants should not be permitted to keep some of their objections in their hip pockets and to disclose them only to the appellate tribunal . . . ." *Hunter v. United States*, 606 A.2d 139, 144 (D.C. 1992).

Provided the specifications were not facially duplicative, by continuing with his guilty plea appellant waived the issue of whether the charges were multiplicious or unreasonably multiplied. *Schweitzer*, 68 M.J. at 136.

*C. Should this Court Notice the Waived Issue?*

In *Quiroz*, our superior court made clear that courts of criminal appeals are "well within [their] authority to determine the circumstances, *if any*, under which [they] would apply waiver or forfeiture" to issues of unreasonable multiplication of charges. 55 M.J. at 338 (emphasis added). That is, while we have "awesome, plenary, de novo power" to recognize waived and forfeited issues, such recognition is not required and is certainly not always wise. *Id*. (citation and internal quotation marks omitted); *see also United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016) ("[T]he CCAs are required to assess the entire record to determine whether to leave an accused's waiver intact, or to correct the error").

Here, we do not exercise our discretion to notice the waived issue for two independent reasons.

First, appellant's argument that the charges are multiplicious and/or unreasonably multiplied relies on a factual interpretation of the record which was never fully developed at trial. It is critical to appellant's argument that the theft and the attempted theft were all part of one online transaction. While this is *a* possible interpretation of the record, it is not the only one.[4]

For example, consider the theft and attempted theft that occurred on 28 December 2013. Appellant stipulated to the offense as follows:

> On 28 December 2013, the Accused placed orders from AAFES for two iPadA Minis, valued at $898, and one purse, one Kindle, and 2 Macbooks, valued at $2502. The Macbooks were shipped to [DJ] at [address omitted] and the purse and Kindle were shipped to himself at [address omitted]. The two iPads, to be shipped to himself, were cancelled by AAFES. The orders were billed . . . and to Military Star Cards [16 digit card #], [16 digit card #], and [16 digit card #] belonging to CPT [BM], MSG [IC], and SFC (Ret.) [CC], fraudulently obtained by the accused.

---

[4] If anything, the stipulation of fact leads one to the opposite of appellant's argument. Appellant's stipulation of fact repeatedly states he placed "29orders." Appellant was charged with eighteen attempted larcenies and eleven larcenies (18+11=29).

That is, appellant placed "orders" (note the plural) for six items, to be shipped to two different locations, using three different credit cards from three different individuals. While it is possible that this was completed as part of a single transaction, it is also possible that the thefts and attempted thefts were part of separate transactions, to be shipped to different addresses, using different credit cards.[5]

As our superior court has stated "[w]e cannot lose sight that this is a guilty plea case" and that "a guilty plea case is less likely to have developed facts." *United States v. Barton*, 60 M.J. 62, 65 (C.A.A.F. 2004) (citation and internal quotation omitted). This concern is all the more so when the issue in question was never adequately litigated at trial. Had this been a contested case, or had appellant adequately raised the issue at trial, it is likely that the facts would have been developed one way or the other.

Secondly, and separately, we note that appellant negotiated a pretrial agreement that reduced his potential confinement from 2490 months to seventy-two months (approximately a ninety-seven percent reduction in his punitive exposure). In other words, appellant received a substantial benefit from pleading guilty as he did.[6] In reviewing the entire record, we are not persuaded to notice the waived issue and address it on its merits.

## CONCLUSION

The findings and sentence are AFFIRMED.

Senior Judge MULLIGAN and Judge FEBBO concur.

---

[5] Of the six pairs of specifications where appellant was charged with having committed a larceny and attempted larceny on the same day, only one (23 October 2013) involves the use of a single credit card and where the items were shipped to a single address. However, even in that case it is unclear whether it was the result of a single transaction or multiple transactions. *See United States v. Broce*, 488 U.S. 563, 570 (1989).

[6] That the convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for sixty-four months, and reduction to the grade of E-1 does not alter our reasoning. Appellant received the benefit of the "insurance policy" provided by the pretrial agreement that ensured his confinement would not exceed a certain amount.



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court