# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant SHAWN M. ROGERS**
**United States Army, Appellant**

ARMY 20190032

Headquarters, 1st Infantry Division and Fort Riley
Robert Shuck, Military Judge
Lieutenant Colonel Alexander N. Pickands, Acting Staff Judge Advocate

For Appellant: Major Kyle C. Sprague, JA; Captain Alexander N. Hess, JA.

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Captain Dustin B. Myrie; Captain Marc J. Emond, JA (on Motion for Reconsideration).

12 December 2019

-------------------------------------------------------------------
MEMORANDUM OPINION ON RECONSIDERATION
-------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

WALKER, Judge:

Appellee requests this court reconsider our decision finding that Specifications 2 and 3 of Charge I fail to state an offense because the government did in fact charge appellant with a specified Article 134 offense as opposed to a "novel" Article 134 offense.

Upon reconsideration, we find that the government properly charged appellant with a specified Article 134 offense in Specifications 2 and 3 of Charge I and reverse our prior holding that these specifications fail to state an offense. We do find, however, that the military judge abused his discretion in accepting appellant's plea to Specification 2 and Specification 3 of Charge I because appellant was not provident. We set aside those specifications for reasons we discuss.

## BACKGROUND

In 1999, appellant was convicted of a felony and served three years in prison for stabbing another individual and cutting off his ear during a fight. Despite his felony conviction, appellant was able to enlist in 2007 by virtue of a waiver for adult major misconduct. At all times after his conviction, appellant knew federal law prohibited him from possessing firearms. In 2017, appellant purchased two firearms from a private seller. He stored the firearms in the on-post home he shared with his wife and children at Fort Riley, Kansas. He did not register the firearms with the Fort Riley Department of Emergency Services, as required by a local post regulation.

On 10 April 2018, while appellant was in the field, he argued with his wife via text messages. She threatened to leave him and call the Family Advocacy Program to report his unregistered firearms. Based upon those threats, appellant believed that the military police would come to his home and seize the firearms. Appellant confided in one of his junior soldiers that he was a convicted felon and needed to remove illegal firearms from his on-post residence before they were seized. He told the soldier, "We have to get the weapons out of the house." The junior soldier agreed to help appellant, borrowing another soldier's car to drive appellant back to his on-post residence.

Appellant went into his home while the junior soldier waited in the car outside. As appellant argued with his wife, he made his way upstairs and retrieved his firearms from the master bedroom closet. Appellant's wife tried to stop him but he pushed past her and left the house. Appellant's daughter ran from the house, crying, and went to a neighbor's house to dial 911. Appellant threw the firearms into the borrowed car, jumped in himself, and told the junior soldier to drive. They drove to the junior soldier's house to store the weapons.

Pursuant to his pleas, a military judge sitting as a general court-martial convicted appellant of one specification of unlawfully possessing firearms in violation of 18 U.S.C. §922(g), one specification of removal of property to prevent seizure, one specification of solicitation of removal of property to prevent seizure, one specification of obstruction of justice, one specification of false official statement, one specification of failure to obey a lawful general regulation, and two specifications of simple assault in violation of Articles 134, 107, 92, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 907, 892, and 928 (2016) [UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge.

## LAW AND DISCUSSION

### A. *Specifications 2 and 3 of Charge I Did Not Fail to State an Offense*

On 8 October 2019, this court set aside and dismissed Specifications 2 and 3 of Charge I for failure to state an offense. We held that, in light of *United States v. Gleason*, Specifications 2 and 3 of Charge I arising from appellant's removal of firearms from his home and solicitation of another soldier to help him remove the firearms had been charged as "novel" offenses instead of the specified offense of obstruction of justice. *United States v. Rogers*, ARMY 20190032, 2019 CCA LEXIS 399, at *6 (Army Ct. Crim. App. 8 Oct. 2019) (mem. op.) (citing *Gleason*, 78 M.J. 473, 475 (C.A.A.F. 2019)). We concluded that these two specifications "were both barred by *MCM* pt. IV, para. 60.c.(6)(c) and, therefore both failed to state an offense under the UCMJ." *Rogers*, 2019 CCA LEXIS 328, at *6 (citing *Gleason*, 78 M.J. at 476).

Upon granting the Government's request for reconsideration, we find that removal of property to prevent seizure is a specified offense under Article 134. *See Manual for Courts-Martial, United States* (2016 ed.) (*MCM*), pt IV, ¶ 103 ("Seizure: destruction, removal, or disposal of property to prevent"). We therefore set aside our prior holding that these two specifications fail to state an offense.

### B. *A Substantial Basis to Question Appellant's Pleas*

When an appellant pleads guilty, any question as to his conviction "must be analyzed in terms of the providence of his plea, not sufficiency of the evidence." *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996). In the context of a guilty plea, we do not review the record for legal or factual sufficiency, but instead focus our appellate review on whether the plea was provident. *United States v. Cowan*, ARMY 20160031, 2017 CCA LEXIS 633, at *6 (Army Ct. Crim. App. 28 Sep. 2017). "A guilty plea is provident if the facts elicited make out each element of the charged offense." *United States v. Harrow*, 65 M.J. 190, 205 (C.A.A.F. 2007) (citations omitted).

A military judge's acceptance of a guilty plea is reviewed for an abuse of discretion, whereas questions of law arising from the plea are reviewed de novo. *United States v. Murphy*, 74 M.J. 302, 305 (C.A.A.F. 2015). "A military judge abuses this discretion if he fails to obtain from the accused an adequate factual basis to support the plea—an area where we afford significant deference." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Care*, 18 C.M.A. 535, 541 (C.M.A. 1969). Although the evidence is rarely fully developed in a guilty plea case, we still determine whether the military judge abused his discretion in accepting the plea by considering the evidence in the light most favorable to the prosecution. *See United states v. Hubbard*, 28 M.J. 203, 209 (C.M.A. 1989).

In reviewing a military judge's decision to accept a guilty plea, "we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Id.* As our superior court has consistently held, a providence inquiry into a guilty plea must establish "not only that the accused himself believes he is guilty but also that the factual circumstances as revealed by the accused himself objectively support that plea." *United States v. Jordan*, 57 M.J. 236, 238 (C.A.A.F. 2002) (quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980)); *see also United States v. Higgins*, 40 M.J. 67, 68 (C.M.A. 1994). Where an accused's plea inquiry fails to establish factual circumstances that support each element of an offense, there is a substantial basis in law and fact to question a guilty plea to the offense. *Id.* at 240 (citing *Faircloth*, 45 M.J. at 174).

We first find a substantial basis to question the military judge's acceptance of appellant's plea of guilty to Specification 2 (removal of property to prevent seizure) of Charge I because the facts raised at appellant's providence inquiry do not support every element of the offense.

The elements of the offense at issue are as follows:

> (1)  That one or more persons authorized to make searches and seizures were seizing, about to seize, or endeavoring to seize certain property;

> (2)  That the accused destroyed, removed, or otherwise disposed of that property with the intent to prevent the seizure thereof;

> (3)  That the accused then knew that the person(s) authorized to make searches were seizing, about to seize, or endeavoring to seize the property; and

> (4)  That under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

*MCM*, pt. IV, ¶ 103.b. Two elements of the offense are unsupported by the record: (1) that a person authorized to make searches and seizures was seizing, about to seize, or endeavoring to seize appellant's firearms, and (2) that appellant then knew that the person authorized to make seizures was seizing or about to seize his firearms. In fact, the record is devoid of any factual basis in support of either of these elements.

During appellant's providence inquiry he admitted that while arguing with his wife, she *threatened* to expose him for unlawfully possessing firearms. He said he believed that military police[1] would come to his home to seize his firearms and ammunition "based upon my wife's threats . . . threats to call someone and tell them about it." But, there is no evidence in the record that appellant's wife followed through on her threat and actually called the military police or a person with the authority to seize the firearms, such that anyone was seizing, about to seize, or endeavoring to seize the firearms when appellant removed them from his home. Additionally, there was no evidence that appellant knew that a seizure by someone with the authority to do so was imminent. Appellant merely speculated that such a search would occur based on his wife's threats to call "someone." There are insufficient facts in the record that appellant possessed the requisite knowledge that an authorized person was about to seize his firearms. As it turns out, no such authority was yet even endeavoring to do so.

At a minimum, there must be sufficient evidence in the record that appellant had actual knowledge of an imminent search of his home. *See United States v. Hood*, 48 M.J. 928, 934 (Army Ct. Crim. App. 1998). Appellant's belief that such a search would occur was speculative at best as his belief was based purely on his wife's threats to call someone. There was no evidence provided in the stipulation of fact or appellant's providence inquiry that appellant's wife had actually called law enforcement or that appellant knew that she had called law enforcement and they were about to seize the firearms from his home. While the stipulation of fact provides a conclusory statement that "[when] SGT Rogers took the firearms and ammunition from his home, he knew that law enforcement would be coming to seize them," there were no facts during the providence inquiry or in the remainder of the stipulation of fact to support this conclusory statement. More importantly, the stipulated to fact lacks any temporal component. In other words, when would law enforcement "be coming?" For the charged offense at issue, the timing of the search is a critical element of the offense.

The conclusory statement is also inconsistent with appellant's providence inquiry in which he stated he *believed* that military police would come to his home

---

[1] We note that the stipulation of fact states that appellant's wife "was going to call the Family Advocacy Program and tell them about his unregistered weapons." This information is inconsistent with appellant's providence inquiry in which he stated that he believed the military police would come to the home based upon his wife's threats, a significant inconsistency unresolved by the military judge during the providence inquiry. *See United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996) We also note that Family Advocacy Program personnel do not qualify as "persons authorized to seize property" within the meaning of the offense of removal of property to prevent seizure, UCMJ art. 134.

to seize the firearms and ammunition based upon his wife's threats to call someone. "If an accused 'sets up matter inconsistent with the plea' at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the plea." UCMJ art. 45(a). The military judge failed to resolve the inconsistency between the stipulation of fact and appellant's providence inquiry. Furthermore, mere conclusions of law recited by an accused are insufficient to provide a factual basis for a guilty plea. *United States v. Outhier*, 45 M.J. 326, 331 (citing *United States v. Terry*, 21 U.S.C.M.A. 442 (1972)). The military judge must elicit facts from which the military judge can determine the factual basis for the plea. *Outhier*, 45 M.J. at 331. Here, the military judge failed to elicit a factual basis in support of both the knowledge component of this offense as well as the temporal component that a seizure was in progress or about to occur. We, therefore, find that the military judge abused his discretion in accepting appellant's guilty plea as to this offense.

We pause briefly to consider whether we can affirm a conviction of the lesser-included offense of attempt to remove property to prevent seizure, but ultimately conclude that the providence inquiry and stipulation of fact do not provide an adequate basis to affirm such a finding. *See MCM*, pt. IV, ¶¶ 46.d.(1)(b); Article 59(b), UCMJ ("Any reviewing authority with the power to approve or affirm a finding of guilty may approve or affirm, instead, so much of the finding as includes a lesser included offense.").

Attempt is an inchoate offense with four elements:

> (1) That the accused did a certain overt act;
>
> (2) That the act was done with the specific intent to commit a certain offense under the code;
>
> (3) That the act amounted to more than mere preparation; and
>
> (4) That the act apparently tended to effect the commission of the intended offense.

*MCM*, pt. IV, ¶ 4.b. The first, third, and fourth elements all concern the *actus reus* of an attempt and we are confident that appellant's actions satisfy these elements. However, an attempt also requires that the appellant's overt act—in the instant case, taking his firearms from the bedroom closet—was done with the specific intent to commit the offense of removal of property to prevent seizure. The offense at issue already has a specific intent element requiring that removal of the property be done with the specific intent to prevent the seizure thereof. *MCM*, pt. IV, ¶ 103.b.

We are convinced that the specific intent required is quite narrowly the intent to prevent an ongoing or impending seizure, not any contemplated seizure that may occur in the future, but the seizure established in the first element of the offense. Appellant's intent cannot have merely been to prevent a possible seizure of his firearms for fear that he would be discovered in possession of them *if* his wife called military police *and* they conducted a search. To satisfy the very specific intent in question, there must be some factual basis to establish that appellant intended to prevent the ongoing or imminent seizure of his firearms. The record establishes no such intent and when asked why he removed the firearms, appellant merely parroted the express language of the specified Article 134 offense, responding, "[t]o prevent seizure." It is likely that as a convicted felon who was illegally possessing firearms, and a soldier illegally storing unregistered weapons in his on-post home, appellant had a lingering and constant fear that his firearms may be discovered and seized. But, the desire not to be caught in possession of firearms is not the same as the specific intent to thwart an ongoing or imminent search and seizure by authorized personnel. There is a substantial basis in fact to question whether appellant ever formed the specific intent to commit even an attempt of the offense of removal of property to prevent seizure. Therefore, we cannot affirm a finding of guilt for attempt.

Since there is an inadequate factual basis to support every element of the offense, we find that appellant was not provident to Specification 2 of Charge I. Thus, the military judge abused his discretion in accepting appellant's guilty plea to that specification.

We also find that appellant was improvident to Specification 3 of Charge I (solicitation to remove property to prevent seizure). Solicitation, like an attempt offense, is an inchoate crime that exists along the continuum of conduct that falls short of commission of the substantive offense. The request of another to engage in criminal conduct may appear to be the sole crux of this offense, but solicitation, like attempt, possesses a specific intent element, evidence of which was lacking in this case. To be guilty of solicitation, the accused must have solicited another to commit a certain offense "with the intent that the offense actually be committed." *MCM,* pt. IV, ¶ 105. For the same reasons we noted above in our discussion of the attempt specification, we find there are insufficient facts in the record to support the required intent element to find appellant provident to the solicitation offense.

"Solicitation is an 'instantaneous offense,' which is 'complete when a solicitation is made or advice is given with the specific wrongful intent to influence another or others' to commit an offense." *United States v. Carroll,* 43 MJ 487, 489 (C.A.A.F. 1996) (internal citations omitted). While it is an instantaneous offense, a person is not guilty of solicitation unless he intentionally commits the social harm of the inchoate offense (intentional request) with the *specific intent* that the other person consummate the solicited crime. Appellant admitted that he asked another

soldier to assist him in removing the firearms and ammunition from his home, however, there is insufficient evidence that appellant intended that the other soldier commit the offense of removal of property to prevent seizure. Appellant could have only possessed the necessary specific intent if there was evidence that he knew that a person with the authority to seize was seizing, about to seize, or endeavoring to seize his firearms and ammunition.

We again emphasize that a conclusory statement in the stipulation of fact that appellant knew law enforcement would be coming to seize his firearms at the time when he removed them is wholly insufficient. *Outhier*, 45 M.J. at 331. We also note that the stipulation of fact states that when appellant asked another soldier to help him retrieve the firearms, he intended for that soldier "to help him obstruct justice by removing the property to prevent its seizure." The use of the phrase "obstruct justice" as it relates to his intent is another inconsistency between the stipulation of fact and the providence inquiry that the military judge failed to resolve. Because the military judge failed to resolve this inconsistency, we are left wondering whether appellant was pleading to the charged offenses vice an obstruction of justice.

The record lacks sufficient facts that appellant possessed knowledge of an imminent seizure of the firearms and ammunition at the time he solicited another soldier's assistance. Given that there is an inadequate factual basis to support the specific intent element for the offense of solicitation, we find that appellant was not provident to Specification 3 of Charge I.

*C. Sentence Reassessment*

In light of our determination that the military judge erred in accepting appellant's plea to Specification 2 and Specification 3 of Charge I, we now turn to appellant's sentence. We are able to reassess the sentence and do so after consideration of the entire record and in accordance with the principles articulated by our superior court in *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), and *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013).

In evaluating the *Winckelmann* factors, we find the change in the penalty landscape is insignificant. At trial, all parties agreed the maximum possible sentence to confinement was twenty-four years and six months. Without the set-aside specifications, the potential maximum sentence to confinement remains twenty-two years and six months, far greater than the sentence the military judge imposed, which did not include any confinement.

Second, we note appellant elected to be tried by a military judge alone. We are confident the fact finder would have sentenced appellant to a bad-conduct discharge, even if he had acquitted appellant of the set-aside specifications. Most

importantly, we find the remaining offenses capture the gravamen of appellant's criminal conduct. Based on our experience as judges on this court, we are familiar with the remaining offenses such that we may reliably determine what sentence would have been imposed at trial. Having conducted this reassessment, we AFFIRM appellant's sentence of a bad-conduct discharge.

## CONCLUSION

The finding of guilty of Specification 2 and Specification 3 of Charge I are SET ASIDE and DISMISSED. The remaining findings of guilty are AFFIRMED. The sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision are ordered restored.

Senior Judge ALDYKIEWICZ and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court